### In re SAWTELLE'S ESTATE.

Circuit Court, Dade County, Civil Appeal.

November 9, 1955.

Mayes, Sutton, Murphy & Russo, Coral Gables, for appellant.

Eaton & Achor, Miami, for appellee.

STANLEY MILLEDGE, Circuit Judge.

This case was heard on appeal from an order of county judge W. F. Blanton of June 15, 1955 denying the petition of Mildred H. Davis for the revocation of letters of administration, c. t. a., for the estate of Amy Hummel Sawtelle, deceased.

The county judge's order appointing Mr. Achor and his refusal to revoke the appointment were valid unless there is a statute on controvertion. Mrs. Davis claims that section 732.44, Florida Statutes 1953, is such a statute. It seems quite clear that this section applies only to situations of intestacy. The section says this, not once but a number of times. The statute says, in effect, that where the decedent has not designated the objects of his bounty, the law prescribes who these objects shall be and the preference in administering the estate shall come from this group.

There is no statute which prescribes whom the county judge must prefer in designating a person to execute the testator's testa-

mentary plan, when the person selected by the testator cannot act. In such cases, he has a wide discretion. Certainly it is no abuse of discretion to appoint one who is beneficially interested in the estate or one who is requested by one who takes. This is precisely what the legislature provided—the right to handle the fund shall attach to those who will take the fund whether by will or intestacy.

Affirmed, with costs taxed to the appellee.